IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| DIANE SCHOONOVER, | ) |
| Plaintiff, | ) JURY DEMAND |
| v. | ) NO.: |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) 10C946 |
| Defendant. | ) |

## COMPLAINT

**COMES** the Plaintiff, Diane Schoonover (hereinafter "Plaintiff"), by and through the undersigned counsel of record, and hereby brings the following Complaint against Defendant United of Omaha Life Insurance Company (hereinafter "Omaha"), stating as follows:

### PARTIES

1. Plaintiff is currently an adult resident of Hamilton County, Tennessee.

2. Plaintiff alleges upon information and belief that Defendant Omaha is an insurance company authorized to transact the business of insurance in this state.

3. Defendant Omaha is the underwriter of and/or insurer of a disability insurance policy issued to Plaintiff, said policy having, inter alia, the following identifying characteristic: Policy No. GLTD57K1 (hereinafter "Policy").

4. Defendant Omaha may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1121.

### JURISDICTION AND VENUE

5. This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction.

1

6. Venue is proper in Hamilton County, Tennessee.

## FACTS

7. At all relevant times Plaintiff was employed by Hamilton County Schools in the City of Chattanooga, County of Hamilton, State of Tennessee.

8. While Plaintiff was employed by Hamilton County Schools, said entity purchased a disability insurance Policy from Defendant Omaha.

9. The Policy was issued and delivered in Hamilton County, Tennessee.

10. Plaintiff applied for coverage, was accepted, and was thereafter covered under said Policy.

11. Plaintiff's employment at the time the Policy was issued and at the time she became disabled was a teacher for Hamilton County Schools.

12. All premiums have been paid and Plaintiff has satisfied all the requirements for coverage under the above Policy, which is a contract for insurance.

13. Plaintiff, while covered under the Policy, suffered from and/or developed, inter alia, osteoarthritis of the foot, gastroesophageal reflux disease (GERD), with Barrett's syndrome, hypertension, dyslipidemia, hypothyriodism, chronic diarrhea, IBS, osteopenia, colon polyps, status post 5th metatarsal fracture, status post fundoplication surgery at esophageal junction (and repair after this surgery failed), degenerative disc disease, and spondylosis, on or about September 10, 2007, or thereafter. These conditions caused then and/or subsequently, inter alia, pain, fatigue, physical restrictions and/or limitations, and problems with concentration or memory, all of which interfered with her ability to work, and ultimately caused her to become disabled.

14. On or about September 10, 2007, Plaintiff's medical condition caused her to have a

2

complete inability to perform the material duties of her regular occupation, at which time she suffered a significant loss of earnings.

15. Since on or about September 10, 2007, Plaintiff has had a complete inability to perform the material duties of any gainful occupation such that she has been unable to earn any income.

16. On or about September 10, 2007, Plaintiff applied for benefits under the Policy by submitting an insured's statement and, thereafter, by submitting, inter alia, numerous attending physician statements and medical records pursuant to the requirements of the Policy.

17. The Defendant initially approved Plaintiff's claim and paid disability benefits to Plaintiff through May 4, 2009.

18. In April 27, 2009, Defendant Omaha sent Plaintiff a letter explaining that it had denied coverage on her claim and no benefits would be paid past May 4, 2009.

19. Plaintiff timely appealed the denial of her claim.

20. On or about April 8, 2010, Plaintiff, by and through counsel, notified Defendants that she believed said Defendants were in possession of more than enough evidence to determine that she was and had been disabled and that, consequently, said Defendants were advised that if they did not pay the benefits due under the Policy within 60 days from the date they received the letter, she intended intend to seek penalties under the Tennessee Bad Faith Statute, Tenn. Code Ann. § 56-7-105.

21. On or about May 4, 2010, Defendant Omaha sent Plaintiff a letter explaining that it had upheld its previous denial of her claim.

22. While Plaintiff has received some benefits under the Policy, she has not received the full

3

requisite of benefits due under the Policy.

## COUNT ONE

## TENNESSEE BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 22 as if fully stated herein and further states that:

23. Under the laws of the State of Tennessee, Plaintiff was covered under the Policy and said Policy constitutes a contract for insurance coverage.

24. Under the laws of the State of Tennessee, Plaintiff made a valid and timely claim for benefits under terms of the Policy and Defendant has refused to pay.

25. Under the laws of the State of Tennessee, all premiums have been paid and Plaintiff has met all other conditions precedent to have a valid contract for insurance coverage and has satisfied the terms of the contract entitling her to benefits under the contract.

26. Under the laws of the State of Tennessee, Defendant has breached, and continues to breach, its contractual duties under the insurance Policy by failing and refusing to pay the full requisite of benefits owed the Plaintiff and by failing to perform its duties as set out in the contract.

27. Under the laws of the State of Tennessee, as a direct and proximate result of Defendant's breach, Plaintiff has suffered, and continues to suffer, substantial damages as previously set forth above.

## COUNT TWO

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
## TENNESSEE CODE ANNOTATED § 47-18-101 AND § 47-18-109.

Plaintiff incorporates the allegations contained in paragraphs 1 through 27 as if fully

4

stated herein and says further that:

28. Tennessee Code Annotated § 47-18-109 provides a private right of action to any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by the Consumer Protection Act.

29. The acts which are prohibited under the Consumer Protection Act are listed in Tennessee Code Annotated § 47-18-104. In addition to the specifically prohibited acts, Tennessee Code Annotated § 47-18-104(b)(27) is a catch-all provision prohibiting all practices which are deceptive or unfair to customers.

30. By ignoring the terms of the disability insurance contract and by giving the Plaintiff inadequate or misleading information about her claim, the Defendant has acted unfairly and deceptively.

31. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer monetary loss and damages.

32. Through its handling of the Plaintiff's claim, the Defendant has willfully and knowingly violated the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq., entitling Plaintiff to treble damages.

## COUNT III

### TENNESSEE BAD FAITH FAILURE TO PAY CLAIM

Plaintiff incorporates the allegations contained in paragraphs 1-32 as if fully stated herein and further states that:

33. At all times relevant to the matters alleged herein, Defendant was under a duty to use good faith in the handling of Plaintiff's claim.

5

34. Plaintiff's claim for benefits is due and payable and Plaintiff's application was filed on or about September 10, 2007, which constitutes a formal demand for payment, and Defendant has either failed or refused to pay further benefits.

35. Defendant impeded a legitimate and well-supported claim for benefits, which clearly shows an intent not to honor the terms of the Policy.

36. Defendant acted in bad faith in denying benefits to Plaintiff or in failing to timely make a decision on Plaintiff's claim.

37. As a direct and proximate result of Defendant's actions in handling this claim, Plaintiff has suffered, and continues to suffer, monetary loss and damages, including the need to hire an attorney to enforce the terms of a contract for insurance.

38. Because Defendant did not act in good faith in denying Plaintiff's claim for benefits, Defendant is liable under Tennessee Code Annotated § 56-7-105(a) for additional damages in an amount up to 25% of liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant her the following relief in this case:

That the Court enter judgment in favor of Plaintiff and against Defendant and that the Court order Defendant to perform its obligations under the contract for insurance and to pay past due benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled.

That the Court order Defendant to pay Plaintiff prejudgment interest in all benefits that have accrued prior to the date of judgment;

That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that

have accrued prior to the date of judgment;

That the Court order Defendant to continue paying benefits to Plaintiff until such time as she no longer qualifies for continuation of benefits.

That the Court order Defendant to pay treble damages pursuant to Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq.;

That the Court order Defendant to pay an additional 25% of the contractual liability for bad faith handling of the claim, pursuant to Tennessee Code Annotated § 56-7-105(a);

That the Court order Defendants to pay Plaintiff's attorneys' fees and costs under applicable law, and,

That Plaintiff recover any and all other relief to which she may be entitled. Plaintiff further demands a jury to hear her case.

Dated this 27th day of July, 2010.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: _____
D. Seth Holliday (#023136)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| DIANE SCHOONOVER, | ) |
| | ) |
| Plaintiff, | ) JURY DEMAND |
| | ) |
| v. | ) NO.: |
| | ) 10C946 |
| UNITED OF OMAHA | ) |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

FILED IN OFFICE
2010 JUL 28 PM 2:38
PAULA T. THOMPSON, CLERK
BY ___

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs in this court which may at any time be adjudged against the Plaintiff in the event said Plaintiff shall not pay the same.

Witness My Hand this 28th day of July, 2010.

_____
SURETY

D. Seth Holliday
Eric Buchanan & Associates, PLLC
Attorneys for Plaintiff
TN BPR #023136
414 McCallie Avenue
Chattanooga TN 37402

STATE OF TENNESSEE
DF COMMERCE AND INS[URANCE]
IES ROBERTSON PARKWAY
[NASHV]ILLE, TENNESSEE 37243

7009 2820 0003 2648 3548

7009 2820 0003 2648 3548
UNITED OF OMAHA LIFE INS COMPANY          08/10/2010
MUTUAL OF OMAHA PLAZA
OMAHA, NE 68175

FIRST CLASS

| STATE OF TENNESSEE | COURT (Must be completed) Circuit | COUNTY (Must be completed) Hamilton |
|---|---|---|
| **SUMMONS** | | file no. 10C744 (Must be completed) |
| | | division _____ (Large counties only) |
| Plaintiff (Name: First, Middle, Last) Diane Schoonover | Defendant (Name: First, Middle, Last) United of Omaha Life Insurance Company | |

TO: The Defendant Named Above

☐ *[Alternative 1: residence address]*

_____

_____

☐ *[Alternative 2: employer's name and address]*

_____

_____

☐ *[Alternative 3: other suitable address]*
United of Omaha Life Insurance Company by and through the Commissioner of the Tennessee Department of Commerce and Insurance
500 James Robertson Parkway Suite 660
Nashville TN 37243-1131

You are hereby commanded to answer and make defense to a Complaint which has been filed in this case. Your defense to this Complaint must be filed in the office of the clerk of this court on or before 30 days after service of this Summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this _28_ day of _July_ 20_10_

_Paula T. Thompson_
Name and Title of Clerk

By _____
Deputy Clerk

Received this _____ day
of _____, 20_____

/s/ _____
Deputy Sheriff

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

August 10, 2010

United Of Omaha Life Ins Company     Certified Mail
Mutual Of Omaha Plaza                Return Receipt Requested
Omaha, NE 68175                      7009 2820 0003 2648 3648
NAIC # 69868                         Cashier # 4617

Re:   Diane Schoonover   V.   United Of Omaha Life Ins Company

      Docket # 10C946

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 5, 2010, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hamilton County
    625 Georgia Avenue, Rm 500
    Chattanooga, Tn 37402

STATE OF TENNESSEE
COUNTY OF _____

    I certify that the foregoing is a true and correct copy of the original Summons issued in this case.

_____
Name and Title of Clerk

By _____
Deputy Clerk

## OFFICER'S RETURN

I certify that I have served this Summons together with the Complaint as follows:

On _____, 20 ____, I delivered a copy of the Summons and Complaint to the Defendant.